The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

| | |
|---|---|
| STEVEN J. BELL,<br><br>        Plaintiff,<br><br>    vs.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION; TWIN CAPITAL MORTGAGE, INC.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; REGIONAL TRUSTEE SERVICES CORPORATION; LENDER PROCESSING SERVICES, INC.; and DOE DEFENDANTS 1 through 20, inclusive,<br><br>        Defendants.<br>_____ | Case No. 2:09-cv-00150-RSL<br><br>**DEFENDANT TWIN CAPITAL MORTGAGE'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>**NOTED ON MOTION CALENDAR: Friday, October 30, 2009**<br><br>**(ORAL ARGUMENT REQUESTED)** |

## I. MOTION

Pursuant to Fed. R. Civ. P. 12(b)(6), defendant Twin Capital Mortgage, Inc. ("Twin Capital"), moves this Court to dismiss the state law claim of intentional infliction of emotional distress asserted by plaintiff Steven J. Bell ("Bell" or "Plaintiff") against Twin Capital in the above-entitled matter. Plaintiff's common law tort claim for intentional infliction of emotional distress or outrage, as averred in Plaintiff's Complaint, fails to state a claim upon which relief can be granted. Accordingly, Twin Capital respectfully requests

**PAGE 1 - DEFENDANT TWIN CAPITAL MORTGAGE'S PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC<br>ATTORNEYS AT LAW<br>200 BUDDHA BUILDING<br>312 NW 10TH AVENUE<br>PORTLAND, OREGON 97209-3121<br>TELEPHONE (503) 222-0552<br>FACSIMILE (503) 222-0984

1   that this claim be dismissed as a matter of law and that any claim for emotional damages,

2   as pled against Twin Capital, be stricken from the Complaint.

3                          **II.  PROCEDURAL BACKGROUND**

4          On or about December 28, 2008, Plaintiff commenced an action in King County

5   Superior Court for the State of Washington, Case No. 08-2-43441-9 SEA, alleging various

6   claims for relief against numerous defendants, including Twin Capital.  Docket No. 1.

7   On February 3, 2009, a Notice of Removal was filed on the basis of federal question

8   jurisdiction, thus removing the state court action to the present forum.  Docket No. 1.  The

9   underlying Complaint contains six separate causes of action, the second of which asserts

10  a tort claim for intentional infliction of emotional distress against all of the then-captioned

11  defendants.[1]  The Second Cause of Action, as pled against Twin Capital, is the subject of

12  the present Motion.

13                          **III.  POINTS AND AUTHORITIES**

14          **A.      Plaintiff's Allegations Against Twin Capital.**

15          In addition to the outrage claim, Plaintiff asserts a cause of action against

16  Twin Capital for alleged violations of the Consumer Protection Act and Mortgage

17  Broker Practices Act, RCW 19.146.030.  Docket No. 1; Complaint, ¶¶ 3.14-3.15.  Of the

18  allegations that pertain to Twin Capital, most, if not all, address this latter claim for relief.

19  Plaintiff alleges that Twin Capital engaged in the following conduct:

20          [D]efendant Twin Capital sent Mr. Bell a mail solicitation and he responded
            by calling. All communications with Defendant Twin Capital were handled by
21          telephone.  He decided to make application with Defendant Twin Capital
            because they quoted him a much lower rate.   The representative of
22          Defendant Twin Capital told Mr. Bell that they had a "special" loan product
            that no one else could offer because it had "Chinese investors" who were
23          willing to lend at lower rates.   Mr. Bell communicated with an individual

24  _____

25      [1] On May 5, 2009, an Order was entered substituting Lender Processing Services, Inc., in
    the place of defendant Fidelity National Title Company.  Docket No. 25.  The Federal Deposit
26  Insurance Corporation was substituted as Receiver for IndyMac Bank, F.S.B., on August 19, 2009.
    Docket No. 32.

**PAGE 2 - DEFENDANT TWIN CAPITAL MORTGAGE'S**
**PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1
2
3
4

named Jerome at Defendant Twin Capital, and he was told that the simple interest rate was 2.15% and that it would end up being 2.9% APR after the costs were built into the loan.  Mr. Bell . . . was reassured of its legitimacy by Jerome, who kept talking about the Chinese investors.  Jerome said that the investors were not making any money from interest in China and so were willing to lend at significantly reduced rates in the U.S. because it was still better than the rates they were getting in China.

5

Complaint, ¶ 2.2.

6
7
8
9
10
11

Mr. Bell . . . received a Good Faith Estimate ("GFE") from [Twin Capital] for each of the  two proposed loans which he signed on June 20, 2006. . . . Mr. Bell contends that the various fees added to his loan costs by Defendant Twin Capital are nothing more than junk fees . . . The GFE did NOT indicate whether the new lender was proposing to charge Mr. Bell a prepayment penalty and the proposed interest rate is listed as 2.15% for a period of 40 years on an initial variable rate.  Mr. Bell now knows that this information was absolutely untruthful as his loan did not carry an interest rate of 2.15%.  The GFE did not indicate that Defendant Twin Capital was going to be paid a Yield Spread Premium . . .

12

Complaint, ¶ 2.3.

13
14
15
16

The GFE for the second mortgage loan indicated that Defendant Twin Capital was going to receive $675.00 as a processing fee, $299.00 for "doc prep" and $565.00 as a (sic) "admin" charge.  Mr. Bell maintains that these fees were also just junk fees . . .  This GFE indicates that the second mortgage loan would have an interest rate of 4.99% . . .  Further, because he was persuaded by Defendant Twin Capital that this loan was at such a low interest rate Mr. Bell was induced to enter into these loans, and as a result, paid a pre-payment penalty to his previous mortgage lender of $8,972.40.

17

Complaint, ¶ 2.4.

18
19
20
21

Mr. Bell was thereafter advised that a freelance notary would come to his home so that he could sign the loan documents in early July 2006. . . . Mr. Bell maintains that [the] choice of escrow agent, Defendant First American, by Defendant Twin Capital and the decision to send a freelance notary to handle the signing, was nothing more than an effort to make certain that he did not receive accurate information about the loan terms before he signed.

22

Complaint, ¶ 2.5.

23
24
25
26

[D]uring the signing process, [Mr. Bell] did note that it appeared the interest rate was different than was represented to him by Jerome.  Mr. Bell called Jerome during the signing process . . . but he was again assured by Jerome that the rate really was 2.15%.  Jerome said that the interest rate on the loan

**PAGE 3 - DEFENDANT TWIN CAPITAL MORTGAGE'S
PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1   documents looked like it was higher because it included all of the closing
    costs in the calculation of the first year's rate.
2
    Complaint, ¶ 2.6.
3

4        Plaintiff makes no further specific allegations against Twin Capital that state facts

5   which pertain to an alleged commission of the tort of outrage.  Under his Second Cause of

6   Action, Plaintiff merely "incorporates herein by reference, as though fully set forth at length,

7   each and every allegation and statement contained in [the Complaint]."  Complaint, ¶ 3.5.

8   He concludes by alleging that, "[b]y their conduct described in this Complaint, all of the

9   Defendants have committed the tort of intentional infliction of emotional distress."

10  Complaint, ¶ 3.6.

11       **B.      Legal Standards.**

12            **1.      Standards for Fed. R. Civ. P. 12(b)(6) Motion.**

13       In considering a Rule 12(b)(6) motion, the Court may dismiss a claim if it appears

14  beyond a doubt that Plaintiff can prove no set of facts to support the claim that would entitle

15  the Plaintiff to relief.  *Keniston v. Roberts*, 717 F.2d 1295, 1300 (9th Cir. 1983)

16  (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).  Dismissal may be based on either

17  the lack of a cognizable legal theory or the absence of sufficient facts alleged under a

18  cognizable legal theory.  *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.

19  1990).  Material allegations are taken as admitted and the complaint is construed in the

20  plaintiff's favor.  *Keniston*, 717 F.2d at 1300.  However, "[c]onclusory allegations of law

21  and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to

22  state a claim."  *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 923 (9th Cir.

23  2001).  A plaintiff must plead factual allegations with specificity; vague allegations of fact

24  fail to state a claim for relief.  *See Colburn v. Upper Darby Township*, 838 F.2d 663, 666

25  (3rd Cir. 1988).

26  ///

**PAGE 4 - DEFENDANT TWIN CAPITAL MORTGAGE'S
PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1               **2.**        **Elements of State Law Claim of Outrage.**

2           In Washington, outrage and intentional infliction of emotional distress claims

3 are treated as one and the same. *Snyder v. Medical Serv. Corp. of Eastern Wash.*,

4 98 Wn. App. 315, 321, 988 P.2d 1023 (1999). The tort of outrage requires the proof of

5 three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction

6 of emotional distress, and (3) actual result to plaintiff of severe emotional distress. *Reid v.*

7 *Pierce County*, 136 Wn.2d 195, 202, 961 P.2d 333 (1998) (citing *Dicomes v. State*,

8 113 Wn.2d 612, 630, 782 P.2d 1002 (1989) (quotation omitted)). These elements were

9 adopted from the Restatement (Second) of Torts § 46 (1965) by the Supreme Court of

10 Washington in *Grimsby v. Samson*, 85 Wn.2d 52, 59-60, 530 P.2d 291 (1975).

11           In *Grimsby*, the court held that any outrage claim must be predicated on behavior

12 "'so outrageous in character, and so extreme in degree, as to go beyond all possible

13 bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

14 community.'" *Id.* at 59 (quoting Restatement (Second) of Torts § 46 cmt. d). Consequently,

15 the tort of outrage "'does not extend to mere insults, indignities, threats, annoyances,

16 petty oppressions, or other trivialities.' In this area plaintiffs must necessarily be hardened

17 to a certain degree of rough language, unkindness and lack of consideration." *Id.* The

18 Court may dismiss a claim if reasonable minds could not differ as to the conclusion that the

19 alleged behavior was not sufficiently extreme. *Minvielle v. Smile Seattle Invs., L.L.C.*,

20 2008 U.S. Dist. LEXIS 96848, at *15 (W.D. Wash. Nov. 19, 2008) (citation omitted).

21         **C.**      **Plaintiff Fails to State a Claim of Outrage.**

22             **1.**      **Allegations Fail to Satisfy Intent Element.**

23           Again, to state a claim for the tort of outrage, a claimant must allege (1) extreme and

24 outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual

25 result to the plaintiff of severe emotional distress. *Reid*, 136 Wn.2d at 202. Plaintiff's

26 allegations regarding Twin Capital's actions are completely silent as to the element of

**PAGE 5 - DEFENDANT TWIN CAPITAL MORTGAGE'S**
**PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON 97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1    intent, nor do they speak as to whether Twin Capital should have been aware that the

2    alleged conduct could inflict emotional distress.  The part of the Complaint addressing the

3    outrage claim merely incorporates by reference all of the other assertions about the

4    defendants' conduct that Plaintiff had made earlier in the Complaint.  Even if Twin Capital

5    actually committed the acts that Plaintiff alleges, he does not assert any facts showing that

6    Twin Capital acted intentionally to cause him severe emotional distress.  Nor do the

7    pleadings indicate that Twin Capital was aware that its conduct would cause severe

8    emotional distress.  Instead, the entirety of the allegations made against Twin Capital relate

9    to Plaintiff's Fifth Cause of Action for an alleged violation of the Consumer Protection Act,

10   not his Second Cause of Action for Intentional Infliction of Emotional Distress.  Vague

11   pleadings do not suffice, and, without more, Plaintiff fails to state a claim of outrage against

12   Twin Capital, thus justifying a dismissal with prejudice.

13        Similarly, Plaintiff fails to allege a set of facts that, if accepted as true, would lead

14   reasonable minds to the conclusion that Twin Capital engaged in outrageous or extreme

15   behavior.  Based on the relevant pleadings here, the opposite inference is to be drawn,

16   namely that the actions of Twin Capital in negotiating the loan and financing given to

17   Plaintiff do not rise above the threshold of socially intolerable behavior.

18        **2.    Alleged Actions Are Not Sufficiently Extreme or Outrageous.**

19        Plaintiff's entire outrage claim is based on the alleged conversations Plaintiff had

20   with "Jerome" and the subsequent representations made to him about the terms of his loan

21   package.  Since Plaintiff does not specifically refer to which alleged actions by Twin Capital

22   were extreme or outrageous, we are left to guess.  In the Complaint, Plaintiff points out that

23   he was told by Jerome that the loan product had a "simple interest rate [of] 2.15%, and that

24   it would end up being 2.9% APR after the costs were built into the loan."  Complaint, ¶ 2.2.

25   Plaintiff continues, alleging that "he was reassured of [the loan's] legitimacy by Jerome,

26   who kept talking about the Chinese investors."  *Id.*

**PAGE 6 - DEFENDANT TWIN CAPITAL MORTGAGE'S
PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1    There is nothing inherently outrageous or extreme about these alleged

2    statements made to Plaintiff by Jerome, nor does Plaintiff allege with specificity why these

3    conversations are so outrageous as to go beyond all possible bounds of decency.[2]

4    Plaintiff must therefore be claiming that such remarks by Jerome were outrageous

5    because they were untrue.  However, Plaintiff admits in his Complaint that he not only

6    signed the loan documents on June 20, 2006, but that he also made monthly payments on

7    the loans for 2006 *and* 2007.  *Id.*, ¶¶ 2.3, 2.8.  This leads reasonable minds to conclude

8    that Plaintiff accepted the terms and the proceeds of the loan voluntarily, and that he was

9    not dissatisfied with the loan until after he had lost his job and was unable to make the

10   monthly payments.  *Id.*, ¶ 2.8.  Even accepting the allegation that Jerome lied to Plaintiff,

11   such behavior cannot be regarded as "atrocious," for Plaintiff still intended on receiving

12   the funds from the first and second mortgage loans.  When viewed in the context of

13   Plaintiff's express acceptance of the terms of the loans and his payments on the loans for

14   2006 and 2007, Jerome's alleged role here is of minor significance.  Accordingly, such

15   trivial behavior cannot form the basis for an outrage claim and this claim for relief should

16   be dismissed as a matter of law.

17                              **IV.  CONCLUSION**

18        For the foregoing reasons, defendant Twin Capital Mortgage, Inc., respectfully

19   requests that this Court grant its Partial Motion to Dismiss the intentional

20   infliction of emotional distress claim filed by Plaintiff pursuant to Fed. R. Civ. P. 12(b)(6)

21   _____

22        [2] Plaintiff also alleges in his Complaint that Twin Capital collected "junk fees" and decided
     to send a freelance notary to the signing of the loan documents, but he does not specifically aver
23   how such behavior constitutes extreme conduct or that Twin Capital intended to inflict
     severe emotional distress by engaging in this behavior.  *Id.*, ¶¶ 2.3-2.6.  Therefore, due to the
24   lack of specificity of these allegations and their failure to establish that such conduct could be
     interpreted as extreme in character, they should not be permitted to form the basis of Plaintiff's
25   outrage claim.

26

**PAGE 7 - DEFENDANT TWIN CAPITAL MORTGAGE'S
PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1    and enter an Order dismissing this claim against defendant Twin Capital, with prejudice,

2    thereby dismissing any claim by Plaintiff for emotional damages against defendant

3    Twin Capital.

4

         DATED this 13th day of October, 2009.

5

6                      **AMBROSE LAW GROUP LLC**

7
                     /s/ Christopher R. Ambrose
8                      Christopher R. Ambrose, WSBA No. 26237
                     200 Buddha Building
9                      312 NW 10th Avenue
                     Portland, Oregon  97209-3121
10                     Email     :   crambrose@ambroselaw.com
                     Telephone :  503.222.0552
11                     Facsimile   :  503.222.0984

12                     *Attorneys for Defendant Twin Capital Mortgage, Inc.*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

**PAGE 8 - DEFENDANT TWIN CAPITAL MORTGAGE'S
PARTIAL MOTION TO DISMISS**

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984

1

## CERTIFICATE OF SERVICE

2
      I hereby certify that on October 13, 2009, I electronically filed the foregoing **DEFENDANT TWIN CAPITAL MORTGAGE'S PARTIAL MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)** with the Clerk of the Court using the CM/ECF System, which will send notification of such filing to the following:

3

4

5   Melissa A. Huelsman (huelsmanlaw@comcast.net)
Law Offices of Melissa A. Huelsman
705 Second Avenue, Suite 501

6   Seattle, Washington  98104
      *Attorney for Plaintiff*

7

8   Douglas L. Davies (dougdavies@hotmail.com)
Law Office of Douglas L. Davies
360 Knechtel Way NE, Suite 301

9   Bainbridge Island, Washington  98110-3080
      *Attorney for Defendants Federal Deposit Insurance Corporation*

10  *and Mortgage Electronic Registration Systems, Inc.*

11  Laura Marquez-Garrett (marql@foster.com)
Foster Pepper PLLC

12  1111 Third Avenue, Suite 3400
Seattle, Washington  98101-3299

13        *Attorney for Defendants Federal Deposit Insurance Corporation*
      *and Mortgage Electronic Registration Systems, Inc.*

14

15  Jennifer Tait (jtait@robinsontait.com)
Nicolas A. Daluiso (ndaluiso@robinsontait.com)
Robinson Tait, P.S.

16  710 Second Avenue, Suite 710
Seattle, Washington  98104

17        *Attorneys for Defendant Regional Trustee Services Corporation*

18

19  Dated this 13th day of October, 2009.

20  **AMBROSE LAW GROUP LLC**

21

    /s/ Christopher R. Ambrose

22  Christopher R. Ambrose, WSBA No. 26237

23  *Attorneys for Defendant Twin Capital Mortgage, Inc.*

24

25

26

CERTIFICATE OF SERVICE

AMBROSE LAW GROUP LLC
ATTORNEYS AT LAW
200 BUDDHA BUILDING
312 NW 10TH AVENUE
PORTLAND, OREGON  97209-3121
TELEPHONE (503) 222-0552
FACSIMILE (503) 222-0984