1    The Honorable Robert S. Lasnik

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**
                **WESTERN DISTRICT OF WASHINGTON**
9                            **AT SEATTLE**

10   STEVE BELL,                          Case No. CV 09-150-RSL

11            Plaintiff,                  PLAINTIFFS RESPONSE TO PARTIAL
                                          MOTION TO DISMISS FILED BY
12        v.                              DEFENDANT TWIN CAPITAL

13   INDYMAC BANK, et al.,

14            Defendants.

15

16        Plaintiff hereby responds to the Partial Motion to Dismiss filed by Defendant Steve

17   Bell.

18                                  **I.  FACTS**

19

20        Plaintiff Steve Bell articulated the factual basis for his claims in drafting his Complaint

21   with the particularity necessary to identify the claims and the facts which support them.

22   Defendant Twin Capital has chosen only certain portions of Mr. Bell's Factual Allegations to

23   recite to this Court in an effort at distorting Mr. Bell's allegations.  In short, Mr. Bell maintains

24   that Defendant Twin Capital lied to him and deceived him about the loan terms, and that he was

25   required to pay fees to this Defendant which were false (including fees that were not actually

26   incurred by this Defendant) and which were not disclosed in advance of the making of the loan

PLAINTIFF'S RESONSE TO DEFENDANT TWIN          Law Office of Melissa  A.  Huelsman, P.S.
CAPITAL'S PARTIAL MOTION TO DISMISS - 1             705 Second Ave, Ste 1050
                                              Seattle, WA  98104-7044 • Tel: 206.447-0103

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

in compliance with the laws of the State of Washington.   The Good Faith Estimate provided to

Mr. Bell regarding the first mortgage loan indicated indicates that Defendant Twin Capital will

be paid **$2,819.00** for broker compensation, **$765.00** as an administration fee, **$499.00** as a

"loan doc set-up fee" and **$189.00** as a courier fee.  Mr. Bell did contend that numerous of

these fees were improperly included because they were not actually incurred by Defendant

Twin Capital.  But more importantly, the GFE falsely stated that Mr. Bell would have an

interest rate of 2.15% and it did not indicate that Defendant IndyMac Bank would pay

Defendant Twin Capital a yield spread premium in the amount of **$11,880.00** for placing him in

a higher interest rate loan.  Defendant Twin Capital also charged Mr. Bell the disclosed broker

fee and administrative fee.   Further, Defendant Twin Capital charged Mr. Bell an underwriting

fee of **$895.00,** and processing fee of **$875.00**, and neither of these fees were disclosed in the

original GFE.  These fees also exceeded the previously disclosed fees, and Defendant Twin

Capital did not redisclose these increased charges to Mr. Bell in advance of the loan signing, as

required by Washington law.  Complaint at 5:1-12.

Also without providing Mr. Bell with any other disclosures or GFEs, Defendant Twin

Capital also charged Mr. Bell **$345.00** for an application fee, **$247.50** as an origination fee and

**$495.00** as a broker fee on the second mortgage loan.  Complaint at 5:1-12.  None of the GFEs

indicated that Mr. Bell had a prepayment penalty on the loans, and yet both loans had such a

penalty.  Defendant Twin Capital also arranged for the escrow to handled by an agent that was

not licensed to conduct business in the State of Washington so that an uninformed traveling

notary came to his home to conduct the signing which resulted in Mr. Bell not having any of

the required or correctly filled out documentation after the loan signing.  Complaint at 6:1-15.

The totality of the lies and deception in which Defendant Twin Capital engaged during the

PLAINTIFFS RESPONSE TO DWACHOVVIA
DEFS' MOTION TO DISMISS
CASE NO. 08-00343-RSL - 2

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1   making of this loan resulted in all of the damage which Mr. Bell has suffered.

2
                                    **II.  ISSUES**
3
         A.        Should this Court dismiss Mr. Bell's claims of intentional infliction of emotional
4
    distress?
5
                         **III.  ARGUMENT AND AUTHORITY**
6   **A.      Mr. Bell's claim for intentional infliction of emotional distress under Washington**

7   **law has been sufficiently pled.**

8
              Mr. Bell was not required to identify each and every single fact in existence in support
9
    his claims under the laws of the State of Washington, where the Complaint was originally filed
10
    or even under federal law.  In considering a motion under the Federal Rules of Civil Procedure
11
    12(b)(6), the court must "(1) construe the complaint in the light most favorable to the plaintiff;
12
    (2) accept all well-pleaded factual allegations as true; and (3) determine whether plaintiff can
13
    prove any set of facts to support a claim that would merit relief."  Schwarzer, Tashima &
14
    Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter
15
    Group 2006) 9:187, citing to *Cahill v. Liberty Mut. Ins. Co.,* (9th Cir. 1996) 80 F.3d 336, 337-
16
    338; *Vector Research, Inc. v. Howard & Howard Attorneys, P.C.* (6th Cir. 1996) 76 F.3d 692,
17
    697.  A Rule 12(b)(6) dismissal is proper only in "extraordinary" cases.  *U.S. v. Redwood City*
18
    (9th Cir. 1981) 640 F.2d 963, 966.
19

20
              Mr. Bell agrees with the Defendant's assertion that the claims of outrage and intentional
21
    infliction of emotional distress are one and the same under Washington law.  Motion at 5:2-3,
22
    citing *Snyder v. Medical Serv. Corp. of Eastern WA,* 98 Wash. App. 315, 321, 988 P.2d 1023
23
    (1999). However, Mr. Bell maintains that the standard for proving a claim for outrage in
24
    Washington is best articulated in *Kloepfel v. Bokor,* 149 Wn.2d 192 (2003).  The Washington
25
    Supreme Court went into a detailed analysis of the tort of intentional infliction of emotional
26

PLAINTIFFS RESPONSE TO DWACHOVVIA
DEFS' MOTION TO DISMISS
CASE NO. 08-00343-RSL - 3

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

distress in the *Kloepfel* decision, reaching back to a long line of other cases examining the issue, including *Reid v. Pierce County*, 136 Wn.2d 195, 202 (1998); *Shoemaker v. St. Joseph Hosp. & Health Care*, 56 Wn.App. 575 (1990); *Grimsby v. Samson*, 85 Wn.2d 52 (1975) and *Schurk v. Christensen*, 80 Wn.2d 652 (1972).

In order to prove a claim of outrage, a plaintiff must show that there was (1) extreme and outrageous conduct; (2) intentional or reckless infliction of emotional distress; and (3) actual result to the plaintiff of severe emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 196, 66 P.3d 630 (2003). Conduct that is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" will constitute intentional infliction of emotional distress. *Id.* (quoting *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975)), (quoting *Restatement (Second) of Torts* §46 cmt. d); *see also, Reid v. Pierce County,* 136 Wn.2d 195, 202, 961 P.2d 333 (1998); *Dicomes v. State*, 113 Wn.2d 612, 630, 782 P.2d 1002 (1989); *Rice v. Janovich*, 109 Wn.2d 48, 61, 742 P.2d 1230 (1987).

Following a careful analysis of the history of the torts of intentional and negligent infliction of emotional distress, the *Kloepfel* Court noted that,

> [T]he difference in focus in these cases is based upon the intent behind the defendants' acts. "The distinction between negligence and intentional torts is related to the difference in fault. Society through its courts has a "definite tendency to impose greater responsibility upon a defendant whose conduct was intended to do harm or was morally wrong." *Prosser and Keaton on the Law of Torts* § 8 at 37 (W. Page Keeton, et al. eds., 5th ed. 1984).

*Kloepfel*, 149 Wn.2d at 200. Emotional distress symptomatology is defined in the *Restatement of Torts* as including "all highly unpleasant mental reactions, such as fright, horror, grief, shame, humiliation, embarrassment, anger, chagrin, disappointment, worry and nausea." It is distress that "no reasonable man could be expected to endure." *Kloepfel* at 200. Here, the

PLAINTIFFS RESPONSE TO DWACHOVVIA
DEFS' MOTION TO DISMISS
CASE NO. 08-00343-RSL - 4

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA 98104 • Tel: 206.447.0103

stress of facing the loss of his home right after acquiring it because of the false information he received regarding the loan terms is sufficient to provide support for a claim of outrage. Certainly, before this Court dismisses Mr. Bell's claims, he should be afforded the opportunity to, at the very least, amend his complaint in order to articulate in that document his reaction to these lending practices and its impact upon his life.

       1.    <u>The Complaint meets the "intent" requirement in the outrage cause of action</u>.

Defendant Twin Capital incorrectly asserts that Mr. Bell is required to prove that it acted intentionally to cause his emotion distress in order to prevail upon the claim. Motion at 6:1-9. Rather, the tort of outrage requires that the plaintiff prove that the defendant acted intentionally to commit the complained of act. As noted in *Kloepfel*, courts have long held defendants liable for outrage for acts that are "morally wrong". *Kloepfel,* 149 Wn.2d at 200. Certainly, the actions of Defendant Twin Capital were "morally wrong" and it is reasonable to conclude that the financial harm from entering into mortgage loans with markedly different loan terms than were promised from the outset, and the resultant stress and physical response, could have been anticipated by Defendant Twin Capital. Here, Mr. Bell has clearly articulated in his Complaint the very specific repeated and false statements made by its loan officer which induced him to enter into a mortgage loan with completely different loan terms than those which were provided to Mr. Bell by the loan officer. Complaint at 5:1-12. Defendant Twin Capital, acting through its loan officer, intended to induce Mr. Bell to enter into the loans so that it could receive payment for brokering the loans, and that was its only concern.

Defendant Twin Capital next asserts, without any legal authority in support of its position, that because Mr. Bell did the right thing – made the payments on the mortgage loans for two years even though he had been defrauded and deceived – he has somehow waived any right to make claims relating to the making of those loans. Since Mr. Bell's claims against Defendant Twin Capital were made well within the relevant statute of limitations, this

PLAINTIFFS RESPONSE TO DWACHOVVIA
DEFS' MOTION TO DISMISS
CASE NO. 08-00343-RSL - 5

Law Offices of Melissa A. Huelsman, P.S.
705 Second Avenue, Suite 501
Seattle, WA  98104 • Tel: 206.447.0103

1  argument is without legal support.  Mr. Bell has timely brought his legal claims and there is

2  nothing which precludes his bringing of those claims or supports an assertion that he waived

3  his right to pursue those claims.

4  **IV.  CONCLUSION**

5          For all of the above reasons, the Partial Motion to Dismiss Mr. Bell's claim of outrage

6  should be denied in its entirety.  In the alternative, Mr. Bell should be afforded the opportunity

7  to provide the Court with a specific description of the emotional harm that he has suffered as a

8  result of the actions of Defendant Twin Capital.

9  DATED this 2nd day of October, 2009.

10

11                             LAW OFFICES OF MELISSA A. HUELSMAN, P.S.

12

13                             _____/s/  Melissa A. Huelsman_____
                               Melissa A. Huelsman, WSBA No. 30935
14                             Attorney for Plaintiff

15

16

17

18

19

20

21

22

23

24

25

26

PLAINTIFFS RESPONSE TO DWACHOVVIA                    Law Offices of Melissa A. Huelsman, P.S.
DEFS' MOTION TO DISMISS                              705 Second Avenue, Suite 501
CASE NO. 08-00343-RSL - 6                            Seattle, WA  98104 • Tel: 206.447.0103