1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                          )
STEVEN J. BELL,                                    )
                                                          )        Case No. C09-0150RSL
                              Plaintiff,              )
          v.                                              )
                                                          )        ORDER GRANTING TWIN CAPITAL
FEDERAL DEPOSIT INSURANCE          )        MORTGAGE'S MOTION TO DISMISS
CORPORATION, *et al.*,                          )
                                                          )
                              Defendants.         )
_____)

          This matter comes before the Court on "Defendant Twin Capital Mortgage's

Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)." Dkt. # 37. Defendant seeks

dismissal of plaintiff's intentional infliction of emotional distress claim on the ground that

plaintiff has failed to allege intent and/or outrageous conduct.

          In order to state a claim for intentional infliction of emotional distress, plaintiff

must allege (1) that defendant engaged in extreme and outrageous conduct, (2) that it

intentionally or recklessly inflicted emotional distress, and (3) that plaintiff suffered severe

emotional distress as a result of defendant's conduct. Reid v. Pierce County, 136 Wn.2d 195,

202 (1998). Although these elements involve fact questions that are generally reserved for the

jury, the court must first determine whether reasonable minds could differ on whether the

conduct was sufficiently extreme to result in liability. Robel v. Roundup Corp., 148 Wn.2d 35,

51 (2002). In the context of this motion to dismiss, the allegations of the complaint are taken in

ORDER GRANTING TWIN CAPITAL
MORTGAGE'S MOTION TO DISMISS

the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The claim for intentional infliction of emotional distress will not be dismissed unless the complaint, taken as a whole, fails to give rise to a plausible inference of actionable conduct.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007).

Plaintiff alleges that defendant Twin Capital Mortgage made multiple misrepresentations regarding the terms and conditions of the loans it brokered, charged "junk" fees unrelated to any actual expenditures or services provided, failed to disclose material terms of the loans, and took affirmative steps to conceal the true costs of the loans, all in an effort to maximize its profits at plaintiff's expense.  If the allegations are true, defendant's business practices may violate state and federal statutes, may constitute fraud, and are generally deplorable.  Nevertheless, defendant's alleged conduct threatened only plaintiff's financial well-being:  there were no physical threats, emotional abuse, or even embarrassment/indignities aimed at plaintiff.  Defendant's practices, as alleged by plaintiff, are not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community."  Birklid v. Boeing Co., 127 Wn.2d 853, 867 (1995) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59 (1975)).  The intentional infliction of emotional distress claim asserted against Twin Capital Mortgage must, therefore, be dismissed.

Dated this 7th day of January, 2010.

Robert S. Lasnik
United States District Judge

ORDER GRANTING TWIN CAPITAL
MORTGAGE'S MOTION TO DISMISS               -2-