UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
STEVEN J. BELL, )
 ) Case No. C09-0150RSL
          Plaintiff, )
    v. )
 ) ORDER GRANTING IN PART
FEDERAL DEPOSIT INSURANCE ) REGIONAL TRUSTEE SERVICES'
CORPORATION, *et al.*, ) MOTION FOR SUMMARY
 ) JUDGMENT
          Defendants. )
_____)

This matter comes before the Court on "Defendant Regional Trustee Services Corporation's Motion for Summary Judgment." Dkt. # 40. Defendant seeks dismissal of plaintiff's intentional infliction of emotional distress and fiduciary duty claims. Having reviewed the papers submitted by the parties,[1] the Court finds as follows:

**BACKGROUND**

In July 2006, plaintiff Steven Bell borrowed money from IndyMac Bank, F.S.B. Although both parties indicate that the negotiable instrument reflecting this mortgage is somewhere in the record,[2] the Court has been unable to find the document at issue. The Court

---

[1] Defendant's request for oral argument was withdrawn with no objection from plaintiff.

[2] Defendant identifies Exhibit 1 to the Declaration of Deborah Kaufman (Dkt. # 40) as "the Note." That exhibit is an Adjustable Rate Rider that presupposes the existence of a separate Adjustable

ORDER GRANTING IN PART REGIONAL
TRUSTEE SERVICES' MOTION FOR
SUMMARY JUDGMENT

will assume, for purposes of this motion, that the mortgage document identifies plaintiff as the borrower and IndyMac as the lender. A separate Deed of Trust was entered on the same date. A deed of trust is, in essence, a three-party mortgage through which the borrower gives a third party a lien on the real property to hold in trust as security until the obligation to the lender is discharged. Wash. House of Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008). The third party is called the trustee and the lender is generally identified as the beneficiary of the trust. Through this arrangement, title to the real property passes to the borrower, but the lender is protected under the trust agreement. If the borrower defaults on his loan, the beneficiary need not file a civil suit to foreclose on the mortgage: pursuant to the Deed of Trust Act ("DTA"), the trustee may initiate non-judicial foreclosure proceedings. As long as the trustee complies with the DTA's requirements, the lender can foreclose on the property inexpensively and efficiently. If the borrower objects, the burden is on him to seek judicial protection from wrongful foreclosure.

The Deed of Trust at issue in this case identifies four parties: the borrower (plaintiff), the lender (IndyMac), the trustee (First American Title Insurance Co. of Oregon), and the lender's nominee to act as the beneficiary (Mortgage Electronic Registration Systems, Inc. ("MERS")). On August 22, 2008, defendant Regional Trustee Services Corporation ("RTS") sent plaintiff a Notice of Default. The signature block identifies RTS as the "Trustee and/or Agent of the Beneficiary" ( Dkt. # 40, Ex. 3), but does not identify the beneficiary. The opening paragraph of the notice states that the deed of trust was originally granted for the benefit of MERS, but that the "beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by or will be assigned to IndyMac Federal Bank, FSB." In her

---

Rate Note, among other documents. Plaintiff asserts that the underlying promissory note was filed in support of plaintiff's motion for a temporary restraining order (Dkt. # 46 at 2): if that is the case, it was not included in the record on removal to federal court.

ORDER GRANTING IN PART REGIONAL
TRUSTEE SERVICES' MOTION FOR
SUMMARY JUDGMENT                -2-

declaration, Deborah Kaufman, the Vice President of RTS, clarifies that RTS issued the Notice of Default on behalf of MERS. Dkt. # 40 at ¶ 4.

On the same day that the Notice of Default was issued, Bethany Hood signed a document appointing RTS as the successor trustee under the Deed of Trust. Decl. of Nicolas A. Daluiso (Dkt. # 40), Ex. 2. Ms. Hood signed the Appointment of Successor Trustee as "Assistant Secretary" of IndyMac Federal Bank, FSB. Assuming that Ms. Hood's signature can bind IndyMac or that she was otherwise authorized to act on its behalf, it is not clear that IndyMac had the authority to appoint a successor trustee on August 22, 2008. Pursuant to RCW 61.24.010(2), the beneficiary of a Deed of Trust has the power to replace the trustee. The documents before the Court suggest that MERS was still the beneficiary as of the date Ms. Hood, purportedly acting on behalf of IndyMac, appointed RTS as successor trustee. The earliest date on which IndyMac became the designated beneficiary of the trust was August 28, 2008, when Scott Walsh, purporting to act on behalf of MERS, assigned the Deed of Trust to IndyMac. If Ms. Hood and/or IndyMac had the authority to replace First American Title with RTS, RTS' appointment as successor trustee took effect on September 9, 2008, when the document was filed in King County.

On September 23, 2008, RTS, now acting as trustee, issued a Notice of Trustee's Sale informing plaintiff that his house would be sold at auction on December 26, 2008. This action was filed in King County Superior Court on December 23, 2008, and plaintiff obtained an order restraining defendants from foreclosing on his property. Defendant IndyMac removed the case to federal court on February 3, 2009.

## DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th

ORDER GRANTING IN PART REGIONAL
TRUSTEE SERVICES' MOTION FOR
SUMMARY JUDGMENT                              -3-

Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

**A. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

In order to state a claim for intentional infliction of emotional distress, plaintiff must allege (1) that defendant engaged in extreme and outrageous conduct, (2) that it intentionally or recklessly inflicted emotional distress, and (3) that plaintiff suffered severe emotional distress as a result of defendant's conduct. Reid v. Pierce County, 136 Wn.2d 195, 202 (1998). Plaintiff's claim against RTS fails for the same reason the claim against Twin Capital Mortgage was defective: defendant's alleged conduct is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Birklid v. Boeing Co., 127 Wn.2d 853, 867 (1995) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59 (1975)). The intentional infliction of emotional distress claim asserted against RTS must, therefore, be dismissed.

ORDER GRANTING IN PART REGIONAL
TRUSTEE SERVICES' MOTION FOR
SUMMARY JUDGMENT                -4-

**B. BREACH OF FIDUCIARY DUTY OR DUTIES UNDER THE DEED OF TRUST ACT**

RTS argues that plaintiff's breach of fiduciary duty claim must fail because RTS, as trustee, does not owe a fiduciary duty to the borrower. The Court agrees. Pursuant to RCW 61.24.010(3), "[t]he trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." This subsection became effective on June 12, 2008, and was intended to address ambiguities regarding the duties of a trustee after the Supreme Court imposed dual (and in many ways competing) obligations in Cox v. Helenius, 103 Wn.2d 383 (1985). Wash. Senate Bill Report, 2008 Reg. Sess. S.B. 5378 (February 9, 2008); Wash. House Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008). If and when RTS became trustee, it owed no fiduciary duty to plaintiff.

RTS has not, however, shown that it was acting as trustee when it issued the Notice of Default. In fact, the evidence shows that RTS was acting as the agent of the beneficiary, MERS, at the time. Nor can the Court conclude, based on the existing record, that RTS was properly appointed trustee on September 9, 2008. As noted above, IndyMac did not have the power to appoint a successor trustee on August 22, 2008. Whether the subsequent Assignment of Deed of Trust corrected that deficiency has not been addressed by the parties.[3] If RTS was not properly appointed trustee, the fiduciary bar set forth in RCW 61.24.010(3) may not apply.

Even if the Court assumes that RTS' appointment as successor trustee was effective, that it issued the Notice of Trustee's Sale in its role as trustee, and that it owed no fiduciary duty to plaintiff, RCW 61.24.010(3) does not resolve plaintiff's Third Cause of Action.

---

[3] In its motion, RTS simply restates the chronology of events without addressing the legal ramifications of IndyMac's apparent lack of authority on August 22, 2008. RTS chose not to file a reply memorandum.

ORDER GRANTING IN PART REGIONAL
TRUSTEE SERVICES' MOTION FOR
SUMMARY JUDGMENT                -5-

Plaintiff has asserted that RTS "violated its duties under the DTA by failing to conduct its business as required under the DTA . . . ." Complaint at ¶ 3.9. During the period that is relevant here, the DTA required successor trustees to "act impartially between the borrower, grantor, and beneficiary." RCW 61.24.010(4) (effective June 12, 2008, and amended July 26, 2009). Plaintiff has alleged and provided some evidence that RTS made no attempt to ensure that it and/or the entities from which it was taking direction had the legal authority to enforce the underlying negotiable instrument. Defendant has not addressed these allegations or shown that it made any effort to ascertain who held the Note or under what authority the default and sale was to occur. One could reasonably infer, based on the limited evidence before the Court, that RTS was partial to the entity that was paying for its services..

Because the factual record is insufficient to determine whether RTS breached a duty owed to plaintiff under the DTA, defendant is not entitled to summary judgment on plaintiff's Third Cause of Action.

## CONCLUSION

For all of the foregoing reasons, defendant Regional Trustee Services' motion for summary judgment is GRANTED in part and DENIED in part. Plaintiff's intentional infliction of emotional distress claim against RTS is DISMISSED. Plaintiff's breach of duty claim may proceed.

Dated this 7th day of January, 2010.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge