THE HONORABLE ROBERT S. LASNIK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STEVEN J. BELL,<br><br>                              Plaintiff,<br><br>     v.<br><br>FEDERAL DEPOSIT INSURANCE CORP.;<br>TWIN CAPITAL MORTGAGE, INC.;<br>MORTGAGE ELECTRONIC REGISTRATION<br>SYSTEMS, INC.; REGIONAL TRUSTEE<br>SERVICES CORPORATION; LENDER<br>PROCESSING SERVICES INC.; and Doe<br>Defendants 1 through 20, inclusive,<br><br>                              Defendants. | Case No. 09-CV-00150-RSL<br><br>PLAINTIFF STEVEN J. BELL'S<br>MOTION TO SUBSTITUTE AURORA<br>LOAN SERVICES, LLC AND<br>ONEWEST BANK, F.S.B. IN THE<br>PLACE AND STEAD OF FDIC, AND<br>AMEND COMPLAINT TO CONFORM<br>TO THE EVIDENCE<br><br>NOTE ON MOTION CALENDAR:<br>July 9, 2010 |

COMES NOW, Plaintiff Steven J. Bell, by and through his counsel of record, Melissa

A. Huelsman, Law Offices of Melissa A. Huelsman, P.S., to respectfully move this Court to

substitute Aurora Loan Services, LLC and OneWest Bank, F.S.B. in the place and stead of

FDIC, and amend his Complaint to conform to this recent evidentiary discovery.

## I.  FACTUAL STATEMENT

Mr. Bell named Defendant IndyMac Bank, F.S.B. ("IndyMac") in his original

Complaint based upon it being the original entity that loaned Mr. Bell money to refinance his

home, and the party to whom he made mortgage payments.  Mr. Bell alleged that Defendant

IndyMac engaged in multiple wrongful acts in connection with the making of the mortgage

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 1

LAW OFFICES OF<br>**MELISSA A. HUELSMAN, P.S.**<br>705 SECOND AVENUE, SUITE 1050<br>SEATTLE, WASHINGTON  98104<br>TELEPHONE: (206) 447-0103<br>FACSIMILE: (206) 447-0115

loan and that it was therefore breached it's liable to him.  He also alleged that there were

improprieties in connection with the foreclosure which was initiated once he defaulted on his

loan payments.  Compl. ¶¶ 2.3-2.9.  Defendant IndyMac failed during the summer of 2008, and

the Federal Deposit Insurance Corporation ("FDIC") was appointed as Receiver and successor-

in-interest to the failed institution and it moved to replace IndyMac in this litigation.  *See*

IndyMac Bank, F.S.B.'s Motion to Substitute Federal Deposit Insurance Corporation, as

Receiver for IndyMac Bank, F.S.B., in the Place and Stead of IndyMac Bank, F.S.B.  (Dkt. #

21)  Once the FDIC was permitted by this Court to participate in this case, pursuant to this

Court's Order (Dkt. # 32), counsel for Mr. Bell tried, unsuccessfully, for months to obtain

Initial Disclosure documents not initially provided by Defendant IndyMac and/or the FDIC.

(Dkt. # 71)  Defendant IndyMac did file an Initial Disclosure pleading with this Court on

March 24, 2009, (Dkt. # 11), however the only information disclosed was Plaintiff's name,

Steven J. Bell, as an individual "likely to have discoverable information."  *Id*.  No other

individuals or entities with information about the claims asserted were listed.  *Id.*  To this day

counsel for the FDIC has not submitted meaningful initial disclosure documents and/or

information, and the docket reflects FDIC's lack of adherence to the Federal Rules of Civil

Procedure.  Counsel for FDIC did provide Plaintiff with a one page summary of his loan on

May 4, 2010, produced by another Defendant in this case, Defendant MERS; however, nothing

regarding the FDIC or its relationship to IndyMac and/or Plaintiff Mr. Bell.  Huelsman Decl. ¶

5.

When the FDIC requested permission from this Court to substitute into this case,

counsel for FDIC mentioned in a footnote that the FDIC was not, in fact, a party to the

Plaintiff's loan, but it never identified the actual owner of the loan at that time.  (Dkt. # 21)

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 2

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

The claim regarding Plaintiff's loan-ownership made by counsel for FDIC may be true, however, an entire year has lapsed without any sort of proof or disclosure pertaining to the veracity of the statement.  Recently, in Defendant FDIC's Surreply to the Supplemental Response to FDIC's Motion for Summary Judgment, filed May 14, 2010, counsel for FDIC again alluded to the true identity of the owner of Plaintiff Mr. Bell's loan, yet offered no documentation showing ownership of Mr. Bell's mortgage loan.  (Dkt. 77)  However, counsel for the FDIC was adamant that it was not the proper defendant and insisted that Mr. Bell should rely upon the one page document recently presented to affirm the supposed "ownership" of Mr. Bell's mortgage loan.  *Id.*

Filed with this Motion is the Declaration of Melissa A. Huelsman in support of this Motion.  Attached thereto as Exhibit "1" is a Proof of Claim form which was filed in Plaintiff's bankruptcy case.  This document indicates that OneWest Bank F.S.B. asserts that it is the servicer of the loan now in arrears.  Huelsman Decl. ¶ 3, Exhibit "1".  This is consistent with the assertions made about the loan by counsel for the FDIC, but it does not provide the identity of the owner of the loan and holder of his Promissory Note.

Based upon the information that Mr. Bell has received to date in this case, he believes that it is appropriate to move this Court to substitute as Defendants Aurora Loan Services, LLC and OneWest Bank, F.S.B. in the place and stead of the FDIC in this case.

## II.  ARGUMENT

A.      <u>Standard for Motion to Substitute</u>.

Federal Rule of Civil Procedure 25(c) provides that, when there has been a transfer of interest from a party to a non-party, the Court may substitute the non-party in the matter.  Fed. R. Civ. P. 25(c).  Here, it is appears from recently obtained one page document submitted by

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 3

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

counsel for the FDIC that it is not the entity which owns or even services Mr. Bell's loan, and Aurora Loan Services, LLC and OneWest Bank, F.S.B., should be the properly named Defendants in this case.   RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2010), 7:167 (FRCP 25 allows for substitution for one of the existing parties ("e.g., where there has been an assignment of the existing party's interest"). Here, the FDIC assigned or sold its rights and/or interests, or in the alternative, sold the rights and/or interests of Defendant IndyMac that either of them had with regard to Mr. Bell's loan to Aurora Loan Services, LLC and/or OneWest Bank, F.S.B., as documented by the FDIC's May 14, Surreply.  (Dkt. # 77)  As a result, Mr. Bell requests that this Court add Aurora Loan Services, LLC and OneWest Bank, F.S.B. as Defendants in this case in the place and stead of the FDIC.

       B.      Standard for Motion to Amend Complaint to Conform to the Evidence.

      The standard for leave to amend is governed by Federal Rules of Civil Procedure 15(a)(2), which states that "leave shall be freely given when justice so requires."  FRCP 15(a)(2).  Unless there is a truly substantial reason to deny the motion, "denial is not an abuse of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." Foman v. Davis, 371 U.S. 178, 182 (1962).  See also, U.S. v. Hougham, 346 U.S. 310, 316 (1961) ("Rule 15 . . . was designed to facilitate amendment of pleading except where prejudice to the opposing party would result") and Scott v. Eversole Mortuary, 522 F.2d 1110, 1116 (9th Cir. 1975) (where there is any conceivable set of facts to support a claim, leave to amend should be granted).

      FRCP 15 "provides the parties with flexibility in presenting their claims and defenses. It assures that cases will be heard on their merits and avoids injustices which sometimes

LAW OFFICES OF
MELISSA A. HUELSMAN, P.S.
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

resulted from strict adherence to earlier technical pleading requirements."  Schwarzer, Tashima

& Wagstaffe, RUTTER GROUP PRAC. GUIDE: FED. CIV. PRO. BEFORE TRIAL (The

Rutter Group 2010), 8:1378, citing to <u>Foman v. Davis</u>, <u>supra</u>, at 182 and <u>Slayton v. American</u>

<u>Express Co.</u>, 460 F.3d 215, 228 (2nd Cir. 2006).  "Rule 15 reflects the limited role assigned to

federal pleadings: i.e., their purpose is simply to provide the parties with *fair notice* of the

general nature and type of the pleader's claim or defense.  As long as such notice has been

provided, the pleading should not limit the pleader's claims or defenses."  RUTTER GROUP,

<u>supra</u>, *citing to*, <u>Foman</u>, <u>supra</u>, and <u>Grier v. Brown</u>, 230 F.Supp.2d 1108, 1111 (N.D. CA 2002).

While "leave to amend should not be granted automatically", the circumstances under which

Rule 15(a) "permits denial of leave to amend are limited."  RUTTER GROUP, 8:1461, *citing*

*to*, <u>Ynclan v. Dept. of Air Force</u>, 943 F.2d 1388, 1391 (5th Cir. 1991).

  The <u>Foman</u> case discussed the few factors that weigh against the granting of a motion to

amend.  The reasons to deny a motion to amend are identified as "undue delay, bad faith or

dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc."  <u>Foman</u>, 371 U.S. at 182.  Plaintiff maintains that none

of these factors apply here.  Given the circumstances, described more particularly above, under

which Plaintiff has discovered the alleged identities of the investor and/or servicer of his

mortgage loan, none of the <u>Foman</u> factors apply.

  There has been no undue delay on the part of the Plaintiff in determining the identity of

Aurora Loan Services, LLC as the alleged "owner" and/or "investor" or OneWest Bank, F.S.B.,

as servicer of his loan.  Counsel for Mr. Bell had no reason to believe any entity other than

Defendant IndyMac or its successor-in-interest the FDIC had or has an interest in Mr. Bell's

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 5

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

loan.  When this Court granted the Order substituting the FDIC for the failed IndyMac institution, Plaintiff's belief that IndyMac owned and/or controlled his loan was confirmed, even in spite of the footnote contained in its Motion.  In other words, Mr. Bell believed that the FDIC would not have appeared, as successor-in-interest to IndyMac and ask to be substituted into the case if it had no interest or responsibility for Mr. Bell's loan.  In its Motion to Substitute, the FDIC mentioned in a footnote that it was not the owner or servicer of Plaintiff's loan.  (Dkt. # 21)  Yet, the FDIC provided nothing more to support this claim in the months thereafter.  On May 14, 2010, counsel for Defendant FDIC reasserted its claim that Aurora Loan Services, LLC and OneWest Bank F.S.B. were the proper entities to be named as defendants in relation to Mr. Bell's loan, but did not provide any documentation supporting these assertions.  (Dkt. # 77)  Plaintiff now proceeds with this Motion before the Court based on counsel for Defendant FDIC's assertions, as well as an assertion made by OneWest Bank F.S.B. after this case was filed in Plaintiff's related bankruptcy proceeding.  Huelsman Decl. ¶ 3.

The additional <u>Foman</u> factors do not apply to Plaintiff's Motion to Amend.  Bad faith or dilatory motive on the part of a movant cannot be shown or even argued since Mr. Bell has had to rely upon information, or lack of information, provided by the Defendants about ownership of the loan.  In fact, the Defendants were repeatedly dilatory in providing any information in this case because it identified in its original Initial Disclosures that Mr. Bell was the only person with pertinent information.  (Dkt. 11)  Mr. Bell has not engaged in any "repeated failure to cure deficiencies by amendments previously allowed", as discussed in <u>Foman,</u> as he has been guided in his amendments by the information being supplied to him—or withheld from him— as has often been the case.  There can be no prejudice to the opposing party by virtue of

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 6

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

allowance of the amendment since the need to make the amendment in the first place was caused by the actions of the previous Defendants herein, and these amendments are not futile, and in fact, are necessary, in order to make certain that the proper parties are included as defendants in this case.  Plaintiff has allowed corrections to the pleadings as he has gained information, and the information discovered last month and this resultant motion were necessitated by the acts of others, including IndyMac and the FDIC.

### III.  CONCLUSION

For all the foregoing reasons, Plaintiff Steven J. Bell respectfully requests that Aurora Loan Services, LLC and OneWest Bank, F.S.B., be substituted in the place and stead of FDIC as Defendants in this case, and that he be granted leave to amend his complaint to reflect this recent revelation.  In addition, once Mr. Bell amends his Complaint, he will need to serve these new Defendants and obtain discovery from them, thus requiring the issuance of a new Case Scheduling Order after the parties have completed their F.R.C.P. 26 conference.

DATED this 16th day of June, 2010.


LAW OFFICES OF MELISSA A. HUELSMAN, P.S.


/s/ Melissa A. Huelsman_____
Melissa A. Huelsman, WSBA #30935
Attorney for Plaintiff

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 7

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury of laws of the state of Washington that on June 24, 2010, I caused to be served in the manner indicated below a true and accurate copy of the foregoing documents: Motion to Substitute and Amend Complaint; Declaration of Melissa Huelsman in Support of the Motion; Proposed Order Granting Motions to Substitute and Amend; and this Certificate of Service, upon the following:

| | |
|---|---|
| Douglas L. Davies<br>  Davies Law Group<br>  701 5th Ave, Ste. 4200<br>  Seattle, WA 98104<br>  (206) 262-8050 | [ ] By Mail<br>[ ] Legal Messenger<br>[ ] By Facsimile<br>[ ] By Air Courier<br>[x] ECF |
| Robinson Tait, P.S.<br>  Jennifer L. Tait<br>  710 Second Avenue, Suite 710<br>  Seattle, WA 98104<br>  Ph: (206) 676-9642 | [ ] By Mail<br>[x] Legal Messenger<br>[ ] By Facsimile<br>[ ] By Air Courier<br>[x] ECF |

/s/ Sean Skillingstad
Sean Skillingstad

MOTION TO SUBSTITUTE PARTIES AND AMEND
COMPLAINT  - 8

LAW OFFICES OF
**MELISSA A. HUELSMAN, P.S.**
705 SECOND AVENUE, SUITE 1050
SEATTLE, WASHINGTON  98104
TELEPHONE: (206) 447-0103
FACSIMILE: (206) 447-0115