UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
STEVEN J. BELL,                         )
                                        )
                    Plaintiff,          )   Case No. C09-0150RSL
                                        )
            v.                          )
                                        )   ORDER GRANTING MORTGAGE
FEDERAL DEPOSIT INSURANCE               )   ELECTRONIC REGISTRATION
CORPORATION, *et al.*,                  )   SYSTEM'S MOTION FOR
                                        )   SUMMARY JUDGMENT
                    Defendants.         )
_____)

This matter comes before the Court on "Defendant Mortgage Electronic Registration System, Inc.'s Motion for Summary Judgment." Dkt. # 65. Defendant seeks dismissal of plaintiff's intentional infliction of emotional distress and fiduciary duty claims. Having reviewed the papers submitted by the parties,[1] the Court finds as follows:

## BACKGROUND

In July 2006, plaintiff Steven Bell borrowed money from IndyMac Bank, F.S.B. The Court will assume, for purposes of this motion, that the negotiable instrument reflecting this mortgage identifies plaintiff as the borrower and IndyMac as the lender. A separate Deed of Trust was entered on the same date. The Deed of Trust identifies four parties: the borrower

---

[1] Although plaintiff's response memorandum was filed ten minutes after the deadline, the Court has considered the arguments raised therein.

ORDER GRANTING MORTGAGE
ELECTRONIC REGISTRATION SYSTEM'S
MOTION FOR SUMMARY JUDGMENT

(plaintiff), the lender (IndyMac), the trustee (First American Title Insurance Co. of Oregon), and the lender's nominee to act as the beneficiary (Mortgage Electronic Registration Systems, Inc. ("MERS")). On August 22, 2008, defendant Regional Trustee Services Corporation ("RTS"), acting as MERS' agent, sent plaintiff a Notice of Default. On the same day, IndyMac attempted to appoint RTS as a successor trustee, despite the fact that RCW 61.24.010(2) gives the beneficiary of a Deed of Trust – in this case MERS – the power to replace the trustee. On August 28, 2008, a fifth party, purporting to act on behalf of MERS, assigned the Deed of Trust to IndyMac, possibly in an attempt to validate RTS's appointment as successor trustee.

On September 23, 2008, RTS, now acting as trustee, issued a Notice of Trustee's Sale informing plaintiff that his house would be sold at auction on December 26, 2008. This action was filed in King County Superior Court on December 23, 2008, and plaintiff obtained an order restraining defendants from foreclosing on his property. Defendant IndyMac removed the case to federal court on February 3, 2009.

## DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party

ORDER GRANTING MORTGAGE
ELECTRONIC REGISTRATION SYSTEM'S
MOTION FOR SUMMARY JUDGMENT           -2-

must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

**A. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

In order to state a claim for intentional infliction of emotional distress, plaintiff must allege (1) that defendant engaged in extreme and outrageous conduct, (2) that it intentionally or recklessly inflicted emotional distress, and (3) that plaintiff suffered severe emotional distress as a result of defendant's conduct. Reid v. Pierce County, 136 Wn.2d 195, 202 (1998). Plaintiff's claim against MERS fails for the same reason the claim against Twin Capital Mortgage was defective: defendant's alleged conduct is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Birklid v. Boeing Co., 127 Wn.2d 853, 867 (1995) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59 (1975)). The intentional infliction of emotional distress claim asserted against MERS must, therefore, be dismissed.

**B. BREACH OF FIDUCIARY DUTY**

MERS argues that plaintiff's breach of fiduciary duty claim fails because MERS, as the nominee of the lender, does not owe a fiduciary duty to the borrower. The general rule in Washington is that a lender is not a fiduciary of the borrower. "A quasi-fiduciary relationship may exist[, however,] where the lender has superior knowledge and information, the borrower lacks such knowledge or business experience, the borrower relies on the lender's advice, and the lender knew the borrower was relying on the advice." Miller v. U.S. Bank of Wash., 72 Wn. App. 416, 427 (1994). Neither party has addressed the possibility that a quasi-fiduciary

relationship exists between MERS and plaintiff. Nevertheless, because the complaint does not allege, and the record does not contain any evidence, that plaintiff received and relied on advice/information from MERS when he entered into the mortgage at issue, the Court finds as a matter of law that no quasi-fiduciary duty exists.

Plaintiff points out that MERS' role in the transaction giving rise to this suit is unclear. MERS apparently "registered" the mortgage and allowed other entities to take actions and execute documents on its behalf. Plaintiff argues that some of these acts and documents did not comply with the Deed of Trust Act. Plaintiff has not, however, alleged violations of the Deed of Trust Act against MERS. Instead, he asserted only a breach of fiduciary or quasi-fiduciary duty against this defendant, neither of which are supported by the record.

## CONCLUSION

For all of the foregoing reasons, defendant Mortgage Electronic Registration Systems, Inc.'s motion for summary judgment is GRANTED.

Dated this 9th day of August, 2010.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING MORTGAGE
ELECTRONIC REGISTRATION SYSTEM'S
MOTION FOR SUMMARY JUDGMENT           -4-