UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
STEVEN J. BELL,                              )
                                          )         Case No. C09-0150RSL
                Plaintiff,        )
        v.                                       )
                                          )         ORDER GRANTING ONEWEST
FEDERAL DEPOSIT INSURANCE   )         BANK AND AURORA LOAN
CORPORATION, *et al.*,                 )         SERVICES' MOTION FOR
                Defendants.      )         SUMMARY JUDGMENT
_____)

       This matter comes before the Court on "OneWest Bank, FSB's and Aurora Loan Services, LLC's Motion for Summary Judgment Pursuant to FRCP 56." Dkt. # 95. Defendants seek dismissal of all of the claims asserted against them in this litigation. Having reviewed the papers submitted by the parties,[1] the Court finds as follows:

---

[1] Plaintiff's response memorandum was filed a few hours after the deadline established in the local civil rules. This is not the first time plaintiff has failed to meet the applicable filing deadlines. See Dkt. # 74. While a delay of a few minutes or hours is not likely to prejudice defendants, it shows a lack of care that cannot be countenanced by the Court. In addition, responding to a dispositive motion at the last possible minute (or even beyond the last possible minute) has not produced results of particularly high quality. For example, the response memorandum filed at 3:29 am on March 8, 2011, incorporates by reference but without explanation arguments raised in six other memoranda, addresses Deutsche Bank's liability for emotional distress damages despite the fact that Deutsche Bank has not moved for dispositive relief, and makes no effort to establish any facts relating to the moving defendants' participation in the events giving rise to plaintiff's complaint. Plaintiff is hereby warned that the Court may disregard late filings in the future.

ORDER GRANTING ONEWEST BANK
AND AURORA LOAN SERVICE'S
MOTION FOR SUMMARY JUDGMENT

## BACKGROUND

In July 2006, plaintiff Steven Bell borrowed money from IndyMac Bank, F.S.B. Plaintiff's claims are based on alleged misrepresentations and statutory violations that occurred at the time the loans originated as well as errors in the way certain defendants attempted to foreclose on the loans two and a half years later. In particular, plaintiff alleges that the originator of the loan, defendant Twin Capital Mortgage, made multiple misrepresentations regarding the terms and conditions of the loans it brokered, charged "junk" fees unrelated to any actual expenditures or services provided, failed to disclose material terms of the loans, and took affirmative steps to conceal the true costs of the loans, all in an effort to maximize its profits at plaintiff's expense. Plaintiff alleges that defendants failed to provide him with a Good Faith Estimate, a Truth in Lending Disclosure, and/or a Notice of Right To Cancel when he submitted his loan applications and that he is therefore entitled to rescind the loans. Finally, plaintiff alleges that defendants Regional Trustee Services, OneWest Bank, Aurora Loan Services, and Deutsche Bank recorded false documents related to the loan transaction, breached various duties owed plaintiff, and failed to comply with Washington's Deed of Trust Act ("DTA") when they began non-judicial foreclosure proceedings at the end of 2008.

Plaintiff filed this action in King County Superior Court on December 23, 2008, after defendant Regional Trustee Services issued a Notice of Trustee's Sale informing plaintiff that his house would be sold at auction on December 26, 2008. Plaintiff obtained an order restraining defendants from foreclosing on his property. The case was removed to federal court on February 3, 2009. An amended complaint adding defendants OneWest Bank and Aurora Loan Services was filed in August 2010. It is clear that, at the time these defendants were added, plaintiff had very little information regarding their participation in the wrongs described in his complaint, their relationship to his loan, and/or the extent to which they could be held liable for the conduct of others. Amended Complaint (Dkt. # 90) at ¶¶ 1.2, 1.4, 1.7, and 2.10.

ORDER GRANTING ONEWEST BANK
AND AURORA LOAN SERVICE'S
MOTION FOR SUMMARY JUDGMENT             -2-

## DISCUSSION

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact that would preclude the entry of judgment as a matter of law. Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The party seeking summary dismissal of the case "bears the initial responsibility of informing the district court of the basis for its motion" (Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)) and identifying those portions of "the pleadings, the discovery and disclosure materials on file, and any affidavits" that show the absence of a genuine issue of material fact (Fed. R. Civ. P. 56(c)). Once the moving party has satisfied its burden, it is entitled to summary judgment if the non-moving party fails to designate "specific facts showing that there is a genuine issue for trial." Celotex Corp., 477 U.S. at 324. "The mere existence of a scintilla of evidence in support of the non-moving party's position is not sufficient:" the opposing party must present probative evidence in support of its claim or defense. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 919 (9th Cir. 2001); Intel Corp. v. Hartford Accident & Indem. Co., 952 F.2d 1551, 1558 (9th Cir. 1991). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable jury could return a verdict in its favor." Triton Energy Corp. v. Square D Co., 68 F.3d 1216, 1221 (9th Cir. 1995).

**A. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM**

The Court has already determined that the facts of this case cannot support a claim of intentional infliction of emotional distress. See Dkt. # 54, 55, and 89. Defendants' alleged conduct is not "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Birklid v. Boeing Co., 127 Wn.2d 853, 867 (1995) (quoting Grimsby v. Samson, 85 Wn.2d 52, 59 (1975)). Plaintiff's argument that mortgage fraud and/or violations of the DTA

*could* give rise to a viable emotional distress claim is unavailing:  plaintiff has not shown that the facts of this case, which plaintiff acknowledges are not "similarly egregious" to those presented in Keahey v. Jare, Case No. 09-60000 (9th Cir. Jan. 31, 2011), could support a verdict in his favor on this claim.

**B. BREACH OF FIDUCIARY DUTY**

In his complaint, plaintiff asserts that OneWest Bank and Aurora Loan Services owed plaintiff a duty to act in his best interests by "providing him with fair and honest disclosure of all facts that might be presumed to influence him in regard to his actions, including those facts favorable to a creditor and adverse to [p]laintiff's interest as it relates to the mortgage loan described herein."  Amended Complaint (Dkt. # 90) at 11-12.  Plaintiff has not identified a source of the alleged duty to disclose.  Nor has he asserted, much less shown, facts that could support a finding that the moving defendants made or failed to make any representations to plaintiff at the inception of his loans.

The general rule in Washington is that a lender is not a fiduciary of the borrower. Although "[a] quasi-fiduciary relationship may exist where the lender has superior knowledge and information, the borrower lacks such knowledge or business experience, the borrower relies on the lender's advice, and the lender knew the borrower was relying on the advice" (Miller v. U.S. Bank of Wash., 72 Wn. App. 416, 427 (1994)), there is no evidence in the record from which a reasonable factfinder could conclude that the moving defendants were "lenders" or that they provided any advice on which plaintiff relied.  The allegation that these defendants failed to provide fair and honest disclosures regarding the nature of the mortgage loans is wholly unsupported.[2]

In his response memorandum, plaintiff does not attempt to support his fiduciary or

---

[2] In fact, the evidence shows that defendant OneWest Bank did not exist until March 19, 2009, long after all of the operative facts alleged in the complaint had occurred.

ORDER GRANTING ONEWEST BANK
AND AURORA LOAN SERVICE'S
MOTION FOR SUMMARY JUDGMENT           -4-

quasi-fiduciary duty claim. Instead, plaintiff argues that OneWest Bank and Aurora Loan Services had a duty to comply with the DTA, which they breached when they attempted to foreclose on plaintiff's property. Response (Dkt. # 99) at 6-8. This claim was not asserted in the Amended Complaint, however,[3] and cannot be added to this litigation in response to a summary judgment motion. Even if plaintiff sought to amend his complaint at this point, amendment would be futile. The discovery deadline has already passed, and plaintiff has not come forth with any evidence that the moving defendants participated in the attempted foreclosure on plaintiff's property or otherwise violated the DTA.

**B. CONSUMER PROTECTION ACT**

Plaintiff alleges that OneWest Bank and Aurora Loan Services violated the Washington Consumer Protection Act ("CPA") by (a) initiating foreclosure proceedings without being the holder of the Note and (b) preparing and recording false documents regarding plaintiff's mortgage. Amended Complaint (Dkt. # 90) at ¶ 3.12. Defendants point out that there is no evidence to support these assertions. OneWest Bank came into existence almost three months after the attempted foreclosure was enjoined: plaintiff offers no theory under which it could be held responsible for conduct that occurred and documents that were recorded before it was established. As to Aurora Loan Services, plaintiff has not provided any facts regarding its role in the events giving rise to this lawsuit. In the Amended Complaint, plaintiff simply states that "[d]iscovery is necessary to determine the extent of Aurora's participation in the fraudulent activities that affected [p]laintiff in regards to his mortgage loan." Dkt. # 90 at ¶ 1.2. Discovery does not appear to have resolved the outstanding issues. Plaintiff concedes that the moving

---

[3] Plaintiff specifically alleged that Regional Trust Services "violated its duties under the DTA by failing to conduct its business as required under the DTA and by falsely representing that it is the trustee under Mr. Bell's Deed of Trust when it has never been properly appointed as such." Amended Complaint (Dkt. # 90) at ¶ 3.9. The breach of duty allegations regarding OneWest Bank and Aurora Loan Services are contained in the preceding paragraph and involve failures to disclose, not a failure to comply with the DTA.

ORDER GRANTING ONEWEST BANK
AND AURORA LOAN SERVICE'S
MOTION FOR SUMMARY JUDGMENT           -5-

defendants would be liable, if at all, only if they could be held responsible for IndyMac's actions, but does not offer any reason to suspect that either OneWest Bank or Aurora Loan Services inherited IndyMac's liabilities. Response (Dkt. # 99) at 9. Plaintiff may not proceed to trial on his CPA claim in the absence of even a shred of evidence suggesting that the moving defendants could be held liable thereunder.

**D. TRUTH IN LENDING ACT**

Plaintiff does not oppose defendants' motion for summary judgment on the Truth in Lending Act claims asserted against OneWest Bank and Aurora Loan Services.

**CONCLUSION**

For all of the foregoing reasons, defendants OneWest Bank, F.S.B., and Aurora Loan Services, LLC, are entitled to judgment in their favor on all of plaintiff's claims. Their motion for summary judgment (Dkt. # 95) is therefore GRANTED.

Dated this 23rd day of May, 2011.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING ONEWEST BANK
AND AURORA LOAN SERVICE'S
MOTION FOR SUMMARY JUDGMENT         -6-